LAWRENCE E. LUTTMAN, JR. #443456,

       Plaintiff,

                                         Case No.  2:12-CV-25

v.

                                         HON. ROBERT HOLMES BELL

GREG MCQUIGGIN, et al.,

       Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**APPROVING AND ADOPTING R&R**

On January 23, 2012, Plaintiff Lawrence E. Luttman, Jr. filed a complaint against multiple defendants pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  On November 29, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment (Dkt. Nos. 29, 43) be granted due to Plaintiff's failure to exhaust his administrative remedies, and that this case be dismissed.  (Dkt. No. 66.)  This matter is before the Court on Plaintiff's objections to the R&R.  (Dkt. No. 70.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  *Id.*

Plaintiff's first objection is that he did exhaust his administrative remedies, pointing to an extension granted for the filing of the Step I response for grievance URF-11-05-1672-3b.[1]  (Dkt. No. 70, Ex. A.)  This objection lacks merit because the extension was granted to the Step I *respondent*.  Per Michigan Department of Corrections' ("MDOC") policy, Plaintiff was required to send in his Step II grievance form within ten days of his receipt of the Step I response or, if no response was received, within ten days of the due date of the Step I response.  (Dkt. No. 30, Ex. 1, PD 03.02.130 ¶ DD.)  Plaintiff received the Step I response on June 28.  (Dkt. No. 70, at PageID#345.)  By his own admission, Plaintiff did not mail his Step II grievance form until July 18, 2011 (Dkt. No. 47, at 6), more than ten days after he received the Step I response.  (*Id.*)  Thus, it was untimely, and the R&R correctly found that he failed to exhaust his administrative remedies.

Relatedly, Plaintiff contends that the untimeliness of his Step II grievance should have been excused because it was caused by his transfer to a different facility.  According to MDOC policy, an untimely grievance should not be rejected "if there is a valid reason for the delay; e.g., transfer."  (PD 03.02.130 ¶ G(4).)  According to Plaintiff, he requested a Step II grievance form from the URF Step I grievance coordinator through expedited mail on June 28, 2011, the date he received the Step I response.  Plaintiff was required to request this form

_____

[1]Note that this grievance tracking number was subsequently changed to URF-11-05-1672-28e.

through the mail because he had been transferred to a different facility. (*See* PD 03.02.130

¶BB.) Plaintiff claims he did not receive the form through the mail until July 16 (after the

deadline for submission had expired). While there is no evidence regarding when Plaintiff

actually received the Step II form, there is at least a question of fact as to whether Plaintiff

received the form *after* the deadline for mailing it back.

However, the burden was on Plaintiff to demonstrate to the Step II grievance

coordinator that he had a valid reason for filing his Step II grievance late. Plaintiff vaguely

asserted on the Step II grievance form that it was untimely "due to your neglect in giving

insufficient time to file step two. I have proof due to me sending my request threw [sic]

expedited legal mail." (Dkt. No. 30, Ex. 3, PageID#107.) According to PD 03.02.130

¶ G(1), a grievance may be rejected for being vague. Given that the request referenced by

Plaintiff occurred on June 28, well before the deadline for submitting the Step II form, his

"proof" did not give the Step II grievance coordinator reason to excuse his late filing.

Similarly, Plaintiff did not provide the Step III grievance coordinator with reason to excuse

the untimeliness, vaguely asserting on that form that "[b]ecause of me riding [sic] out and

then having to remail is the reason for untimely." (Dkt. No. 30, Ex. 3, PageID#107.) Thus,

because Plaintiff did not indicate at any stage of the grievance process that he received the

Step II form after the expiration of the deadline for submitting it, the MDOC was correct to

find Plaintiff's Step II grievance untimely and unexcused despite his transfer. Moreover, the

Court notes that the Step II grievance was alternatively rejected for Plaintiff's failure to

include a copy of his Step I grievance as required by MDOC policy and the instructions of the Step II form. (Dkt. No. 30, Ex. 3, PageID#108.)

Last, Plaintiff argues that his failure to exhaust his remedies in regard to some claims, but not all, does not warrant dismissal of the entire action. However, Plaintiff has failed to establish that he exhausted *any* of his claims. Thus, there was no error in the R&R recommending the dismissal of his entire complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the November 29, 2012, R&R (Dkt. No. 66) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 29, 43) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**.

Dated: <u>February 20, 2013</u>                    /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE